INCORPORATED 'VILLAGE OF NEW KNOXVILLE v. THE
KNOXVILLE ELECTRIC CO.

*Municipal corporations—Electric street lighting rate ordinance
not accepted by company—Rates fixed by Public Utilities
Commission—Notice by city to discontinue service—Company cannot recover for lighting, when.*

Where a village and an electric company cannot agree on a
price to be paid for furnishing light to the village, and
an appeal is taken to the Public Utilities Commission,
which fixes a price agreeable to the electric company,
but not to the village, and the village notifies the electric company not to light the street lamps as it will not
pay the price fixed by the commission, the electric company cannot recover compensation for thereafter lighting
the village, as there is no contract between the parties
obligating the village to pay for light.

(Decided February 9, 1924.)

ERROR: Court of Appeals for Auglaize county.

*Mr. Karl Timmermeister* and *Mr. H. R. Dittmer*,
for plaintiff in error.
*Messrs. Anderson & Boesel,* for defendant in
error.

HUGHES, J. The electric company in this case
had a franchise under which it was operating in
the village an electric light and power plant. The
life of this franchise was twenty years, beginning
in 1912. At the time the franchise was granted to
the company a contract was also entered into, covering a period of ten years, under which the company furnished light to the village at a certain
price. This light contract expired September 14,

1922, and on October 9, 1922, the council passed an ordinance which provided that the light company should furnish light at a certain price, and that the company would employ not less than a certain number of lamps at that price. The ordinance further provided that it should not go into effect until it was accepted by the company. This ordinance was never accepted in this form by the company, but an appeal was taken to the Public Utilities Commission by the company, under an objection to the price fixed in the ordinance for the light to be furnished the village by the company. The Commission raised the price of the light per lamp, and thereupon the company gave the village notice that it would accept the terms of the ordinance as modified by the Commission; but the village thereupon notified the company to light no lamps on the streets as they would not pay the price fixed by the Commission. Notwithstanding this notice the company lit the lamps and thereupon brought suit to recover the price for the period here in dispute.

The case has been presented by able argument, from all viewpoints, by counsel on both sides.

It has been suggested that the Commission is the tribunal which has the final jurisdiction in establishing the rates that may be charged by such light companies, while on the other hand it is urged that there is no provision in the statute that authorizes an appeal to the Commission from an ordinance fixing the rate, if this ordinance is passed after the expiration of the contract.

There are many other questions that have been thoroughly covered by brief, but in the determination of the case we find it unnecessary to discuss these features or questions, for the reason that in

the judgment of this court there was no contract between the village and the company and hence no right to recover for any service in face of the fact that the village notified the company to furnish no light for the period covered.

It might be assumed, for the purposes of this case, that the Commission did have jurisdiction to do just what was done by it, but it is well settled by the decisions of this state that the Commission has nothing to do with contracts between the village and the service corporation.

The right to contract for this service is particularly given to the village under Section 4, Article XVIII of our Constitution, and, assuming, as above stated, that the Commission had jurisdiction to fix the price, the village still had the power to contract for the service at such a price, or to reject it, and in this case it did reject it.

For the reason that there was no contract by which the village obligated itself to pay for the light, the judgment should have been for the defendant village. The judgment below is reversed.

*Judgment reversed.*

WARDEN and CROW, JJ., concur.